UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
CHRISTOPHER MURPHY,            )
                               )
          Plaintiff,           )
                               )
     v.                        )     C.A. No. 22-115 WES
                               )
CITY OF PROVIDENCE, et al.,    )
                               )
          Defendants.          )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Presently before the Court is Plaintiff's Motion to Amend his Complaint, ECF No. 26, in which he seeks to add Providence Police Officer Irvin Torres as an additional Defendant and add factual allegations regarding the contents of an eyewitness civilian complaint describing Plaintiff's arrest. For the reasons that follow, Plaintiff's Motion is GRANTED.

I. BACKGROUND

On October 20, 2020, Plaintiff arrived at the Knight Memorial Library on Elmwood Avenue in Providence to participate in a protest in honor of Jhamal Gonsalves who was injured two days prior during a motor vehicle collision involving the Providence Police. Compl. ¶ 9, n. 1, ECF No. 1. The protestors, including Plaintiff, moved from the library to the Providence Public Safety Complex where they

were met with a significant police presence that included barricades and several lines of officers equipped with riot gear and wooden clubs.  Id. ¶¶ 15-18.

During the entire protest Plaintiff was standing in the front row of protestors and moved as the police directed, always maintaining some distance from police.  Id. ¶¶ 27, 32.  Eventually, the police directed the protestors south down Dean Street, stopping briefly at the intersection of Dean and Westminster Streets.  Id. ¶¶ 33-38. As the police line started to move, Plaintiff, still right in front of the police line, attempted to move away until Defendant Officer Tavares broke from the rest of the officers and struck him with a wooden baton, bringing him to the ground.  Id. ¶¶ 40-41. While the police marched passed, three officers remained behind to arrest Plaintiff.  Id. ¶ 44.  Plaintiff was charged with disorderly conduct and resisting legal or illegal arrest.  Id. ¶¶ 73-75.

On March 21, 2022, Plaintiff filed the Complaint in this case against the City of Providence and the Treasurer James J. Lombardi, Providence Police Officer Flavio Tavares, Chief of Police for Providence Hugh T. Clements, and the Commissioner of Public Safety for the City of Providence Steven M. Pare.  Id. ¶¶ 2-6.  The Complaint alleges violations of the Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure via 42 U.S.C. § 1983;  impairment  of  the  freedom  of  assembly  and  speech  in

violation of the First and Fourteenth Amendments pursuant to § 1983; malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments actionable through § 1983; violation of the right to be free from unreasonable search and seizure in violation of Article I, section 6 of the Rhode Island Constitution; impairment of freedom of assembly and speech in violation of Article 1, section 21 of the Rhode Island Constitution; malicious prosecution in violation of Article 1, sections 2, 6, and 7 of the Rhode Island Constitution; common law assault; common law battery; and common law false arrest and false imprisonment.  Id. ¶¶ 97- 106.

On March 31, 2023, Plaintiff filed a motion to amend his Complaint seeking to (1) name Providence Police Officer Irvin Torres as an additional Defendant in both his individual and official capacities for engaging in excessive force and unlawful arrest against Plaintiff in violation of his constitutional and civil rights and (2) add factual allegations regarding the contents of an eyewitness civilian complaint describing the arrest.  Mem. Supp. Mot. Am. ("Pl.'s Mem.") 1-2., ECF No. 26-1.  The proposed Amended Complaint also adds a link to a YouTube video that depicts the arrest. Am. Compl.  ¶ 43, ECF No.  26-2.

Defendant Officer Tavares and proposed Defendant Officer Torres object to Plaintiff's proposed amendment to add Officer Torres as an additional Defendant on the grounds that the amendment is

premature, futile, and is unduly prejudicial to Officer Torres. Defs.' Resp. Opp'n ("Defs.' Opp'n") 1, ECF No. 27.  Defendants also argue that the addition of the allegations regarding the civilian complaint and YouTube video are futile and unduly prejudicial to Officer Torres because they do not provide enough evidence to support a claim against him.  Id. at 2.  Lastly, Defendants object because Officer Torres is on military leave until January 2024 and they contend that discovery will have to be stayed until his return if the motion to amend is granted.  Id. at 3.

II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states, in relevant part, that a party may amend their pleading with the approval of the other party or with the court's leave.   The rule goes on to state that a court should freely give leave to amend when justice so requires.  Id.   "In the absence of any apparent or declared reason such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'"  Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 36 (1st Cir. 2022) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

When a motion to amend is filed before discovery is scheduled to end and before any party files a summary judgment motion, the futility of the amendment is determined by the same standard as that used to assess a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  Under that standard, an amendment is not futile if it sets forth a claim that, if proven true, would entitle a plaintiff to relief.  Hatch v. Dep't for Child., Youth & Their Fams., 274 F.3d 12, 19 (1st Cir. 2001).  Further, when determining the futility amendment, the Court must take all the facts pleaded in a plaintiff's complaint as true.  Id.

The Court must also consider the totality of the circumstances when deciding a motion to amend.  Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).  One consideration is whether the proposed amendment would require the non-moving party to remake their case by pursuing additional legal theories necessitated by the amendment.  Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000).  In Carmona, the First Circuit reversed the district court's denial of the plaintiff's motion to amend her complaint to add a named defendant whose identity was revealed during discovery, explaining that because "the claims against the individual officers were pending since the inception of this litigation and no new legal theories are involved in the amendment, we do not perceive surprise

or prejudice to defendants nor any other reason for the district court's denial of plaintiffs' motion to amend." Id.

III. DISCUSSION

In their objection to Plaintiff's motion to amend, Defendants contend that the proposed amendments are premature, futile, and unduly prejudicial to the proposed Defendant Officer Torres. Defendants' arguments of undue prejudice and the futility are focused on attacking the sufficiency of the facts presented in the proposed amendment. Defendants also suggest that the proposed amendment should be denied because Officer Torres is currently on military leave.

Specifically, Defendants argue that there has been nothing discovered to date that explicitly names Officer Torres as the officer that allegedly struck Plaintiff while making the arrest. Defs.' Opp'n 1. However, Plaintiff explains that in response to a request for production of documents in Plaintiff's criminal case, the City of Providence provided emails between the Providence Assistant City Solicitor and Plaintiff's criminal defense attorney that identify Officer Torres as the arresting officer. Pl.'s Mem. 4. Plaintiff also cites interrogatory responses that identify Officer Torres as being present at the time of the arrest. Id. at 4-5. Defendants try to refute this information by arguing that it is not clear as to what extent Officer Torres was involved in

the arrest.   Defs.' Opp'n 1.   In doing so, Defendants misunderstand the current procedural posture of the case and confuse the issues: they are essentially making summary judgment arguments even though a motion to dismiss standard applies.[1]   The added allegations provided in the Plaintiff's amendment, if proven true, are enough to tie Officer Torres to the arrest and therefore are sufficient to state a claim for relief.   See Hatch, 274 F.3d at 19.

Defendants also point out that the civilian making the complaint never identified Officer Torres by name.   Defs.' Opp'n 2.   Defendants note that the Complaint only states that a row of police knocked Plaintiff to the ground and repeatedly kicked and hit him with their batons.   Id.   Again, Defendants' arguments are misplaced as they address the sufficiency of the evidence--an argument best suited for a motion for summary judgment or trial-- rather than whether the facts as alleged state a claim upon which relief can be granted.   Accordingly, the Court rejects this argument.

Defendants further contend that the link to a YouTube video of the arrest that Plaintiff seeks to add to his Complaint does not depict the arresting officers using excessive force but rather shows them acting within protocol and, therefore, its addition is futile. Id.   Like their previous arguments, this argument is misplaced

---

[1] To be fair, based on Plaintiff's Amended Complaint, it is understandable why Defendants made these arguments.

given the procedural posture of the case and, therefore, is not relevant to determining the futility of the amendment.

Finally, Defendants argue that the Court should deny Plaintiff's motion because Officer Torres is on military leave until January 2024 and therefore a stay of discovery will be necessary if the proposed amendment is allowed.  Id. at 3.  In support, Defendants cite the Servicemembers Civil Relief Act which states that "[a]t any stage before a final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days . . ."  50 U.S.C. § 3932(b)(1).  However, Defendants do not cite any caselaw that supports their position that the motion to amend should be denied because a proposed Defendant is currently on military leave, potentially requiring some delay in discovery.  Further, Defendants have not explained how such a delay will cause them prejudice.

Plaintiff's proposed amendments come in light of information that was unknown before discovery.  He seeks to add Officer Torres as a named Defendant previously described in the Complaint as an unnamed "arresting officer," as well as some additional facts regarding an eyewitness civilian complaint and a link to a YouTube video depicting the arrest.  The additional facts presented in Plaintiff's proposed amendment are used to support his original

8

claims.    The Amended Complaint does not add any additional claims for relief that would require the Defendants to remake their case or pursue additional legal theories.    Thus, there is no risk of surprise or undue prejudice to Officer Torres or the other Defendants.    This amendment comes before discovery is scheduled to end and Plaintiff is not accused of any undue delay or dilatory motives.    The totality of the circumstances surrounding this amendment supports its granting. See Carmona, 215 F.3d at 136.

IV.  CONCLUSION

    For the reasons stated above, Plaintiffs Motion, ECF No. 26, is GRANTED.

IT IS SO ORDERED.

William E. Smith
District Judge
Date:  August 3, 2023